CITY OF HELENA, RESPONDENT, *v.* KENT, APPELLANT.

(No. 2,070.)

(Submitted March 18, 1905.   Decided March 31, 1905.)

*Municipal Corporations—Ordinances—Police Powers—Cleaning Sidewalks—Occupant of Premises—Validity of Ordinance—Prosecution—Process.*

Municipal Corporations—Powers.
  1.  A city has no powers except such as are conferred upon it by legislative grant, either directly or by necessary implication.
Municipal Corporations—Ordinances—Police Powers—Sidewalks.
  2.  An ordinance making it the duty of the "occupant" of premises to keep the sidewalk in front of and adjoining them free from snow, ice, slush and other impediments to safe and convenient travel, and imposing a penalty for failure to comply with its provisions, is a reasonable and proper exercise of the police powers incident to municipal corporations, and not repugnant to constitutional or statutory provisions.
Municipal Corporations—Ordinances—Sidewalks—Statutory Construction.
  3.  Political Code, section 4800, subdivision 7, as amended by Session Laws of 1897, page 203, provides that a city has power to require the *owners* of premises to keep the sidewalk in front of and adjoining them free from snow, ice, etc.   An ordinance of the city of Helena makes it the duty of the *occupants* of such premises within the city limits to do so.   *Held,* that the city can proceed against the occupant as well as the owner, and that the remedy against the former is merely cumulative and not inconsistent with the exercise of the power granted in subdivision 7 of section 4800.
Municipal Corporations—Police Regulations—Infractions not Crimes—Action in Name of City.
  4.  Infractions of local police regulations, such as noncompliance with an ordinance making it the duty of an occupant of premises within city limits to keep them free from snow, ice, etc., are not, in their essence, crimes or misdemeanors, and actions arising out of them are properly prosecuted in the name of the city.
Municipal Corporations—Police Power—Statutory Construction.
  5.  The police power granted to municipal corporations under the "general welfare clause," is necessary to the tranquility, safety and

protection of every well-ordered community, and constitutions and statutes, in the absence of provisions to the contrary, are to be construed with reference to that fact.

*Appeal from District Court, Lewis and Clark County; Henry C. Smith, Judge.*

S. O. Kent was convicted of violating an ordinance of the city of Helena, and he appeals from the judgment and from an order overruling a motion for a new trial. Affirmed, Mr. Justice Milburn, dissenting.

*Mr. E. A. Carleton,* for Appellant.

Municipal corporations derive their powers from legislative grant. (1 Dillon's Municipal Corporations, 4th ed., sec. 89; *Reis* v. *Graff,* 51 Cal. 86; *Davenport* v. *Kleinschmidt,* 6 Mont. 502, 13 Pac. 249; *Bell* v. *Plattville,* 71 Wis. 139, 36 N. W. 831; *Dartmouth College* v. *Woodard,* 4 Wheat. (U. S.) 518.) These powers are strictly construed (McQuillin's Municipal Corporations, 48; Horr & Bemis on Police Ordinances, 17; Cooley's Constitutional Limitations, 195), and doubt as to such power is resolved against it. (*Minturn* v. *Larne,* 23 How. 435; *Ottowa* v. *Carey,* 108 U. S. 110, 2 Sup. Ct. Rep. 361; *City of Brenham* v. *Brenham Water Co.,* 67 Tex. 542, 4 S. W. 143.) And no by-law or ordinance can enlarge its powers. (*Thompson* v. *Carroll,* 22 How. 422; 1 Dillon's Municipal Corporations, 367-372; *Herzo* v. *San Francisco,* 33 Cal. 143.) Where the mode or manner of exercising the power is prescribed by the legislature, the municipality is restricted to such mode or manner, and it is exclusive of all other modes in exercising the delegated power. (*Farmers' Loan etc. Co.* v. *Caswell,* 51 Barb. 33.) The legislature having designated the particular persons who shall be responsible for cleaning the walk, it is not competent to declare, as the ordinance here does, that an *occupant* is guilty of committing a nuisance if he does not clean the walk. Police power cannot be exercised in a manner that conflicts with the Constitution or laws of the state.

This is a criminal action and must be prosecuted in the name of the state. If not a criminal action, pure and simple,

under our Constitution and statutes, at least, it is so far crim-
inal as to entitle defendant to an instruction as to reasonable
doubt.   It is only upon the theory that it is a criminal action
that effect can be given to numerous sections of our Penal Code.
Within the Penal Code is comprehended and included all prose-
cutions of which police and justice courts have jurisdiction.
(*Earl* v. *Board of Education,* 55 Cal. 489; *C. P. R. R.* v.
*Shakelford,* 63 Cal. 261; *Santa Barbara* v. *Sherman,* 61 Cal.
57; *State* v. *Fountain,* 14 Wash. 236, 44 Pac. 270; *State* v.
*Stearns,* 31 N. H. 106; *Jacqueth* v. *Royce,* 42 Iowa, 406; *In
re Goddard,* 16 Pick. 504, 28 Am. Dec. 259; *People* v. *Van
Houten,* 13 Misc. Rep. 603, 35 N. Y. Supp. 186; *Browns-
ville* v. *Cook,* 4 Neb. 101; *State* v. *Goulding,* 44 N. H. 284;
*Ruth* v. *Abington,* 80 Ill. 418; *Glenwood* v. *Roberts,* 50 Mo.
App. 167.)   Because the ordinance in question is *ultra vires,*
and the action is criminal, the demurrer to the complaint
should have been sustained.

*Mr. E. C. Day,* and *Mr. Edward Horsky,* for Respondent.

Police powers are usually conferred upon cities in a general
welfare clause, as it is termed.   Such is the case in Montana.
(Political Code, sec. 4800, subd. 1.)   An ordinance requiring
owners or *occupants* of property to clear away snow and ice
from a sidewalk contiguous to their premises is a valid exer-
cise of the police power.   (Dillon's Municipal Corporations,
vol. 1, sec. 394; *In re Goddard,* 16 Pick. 504, 28 Am. Dec.
259; *Village of Carthage* v. *Frederick,* 122 N. Y. 268, 19 Am.
St. Rep. 490, 25 N. E. 480, 10 L. R. A. 178; *Union Ry. Co.*
v. *Cambridge,* 11 Allen, 287; *Kirby* v. *Boylston Market Assn.,*
14 Gray, 252, 74 Am. Dec. 682; *Taylor* v. *Lake Shore etc. Ry.
Co.,* 45 Mich. 74, 40 Am. Rep. 457, 7 N. W. 728; rule ap-
proved in Dillon's Municipal Corporations, sec. 394; *Bonsall*
v. *Lebanon,* 19 Ohio, 418; *Paxston* v. *Sweet,* 13 N. J. L. 196;
*Mayor etc.* v. *Mayberry,* 6 Humph. 368, 44 Am. Dec. 315;
*Woodbridge* v. *Detroit,* 8 Mich. 274; *Flynn* v. *Canton,* 40 Md.
312, 17 Am. Rep. 603; McQuillin's Municipal Ordinances,
secs. 298, 458, and cases cited.)

While it is true that by subdivision 7, section 4800, the power to require the *owner* to keep the sidewalk free from snow and the cost of removal is a lien against the abutting property in case of the owner's failure to do so, this in no way militates against the *police* powers of the city to require the *occupant* of the property to do so. The effect of said subdivision 7 is to simply grant an additional power to the city, that is, a power in addition to the police power conferred in subdivision 1, a power in addition to that contained in subdivision 8, and a power in addition to that contained in subdivision 33 of section 4800. Moreover, apart from the police powers conferred in subdivision 1, and the general power conferred in subdivision 8, the city or town council has the power *"to define and abate nuisances* and to *impose fines* upon persons guilty of creating, continuing, or suffering nuisances to exist upon premises which they occupy or control."* (Political Code, sec. 4800, subd. 33.) Under the terms of the ordinance in question every person failing to comply with the provisions of the ordinance shall be deemed guilty of committing a nuisance; and while a fine is imposed, no provision is made for imprisonment.

That this is a civil action and simply in the nature of a police regulation, merely defining what is a nuisance, and that the defendant is not therefore entitled to a trial by jury in the police court, has been decided by the United States supreme court. (*Natal* v. *Louisiana,* 139 U. S. 621, 11 Sup. Ct. 636, 35 L. Ed. 288; *Callan* v. *Wilson,* 127 U. S. 540, 8 Sup. Ct. 1301; McQuillin on Municipal Ordinances, sec. 304, p. 476; Horr & Bemis on Police Ordinances, secs. 169, 181, 170, citing numerous authorities; 2 Williams on Municipal Corporations, 559, 554, 547; McQuillin on Municipal Ordinances, secs. 330-334, citing numerous authorities; Dillon's Municipal Corporations, vol. 1, p. 433.)

MR. COMMISSIONER POORMAN prepared the opinion for the court.

The defendant was accused in a police court of the city of Helena of violating an ordinance requiring him to keep the sidewalk in front of the premises occupied by him free from ice and snow. On the trial before a jury he was found guilty, and from the judgment entered appealed to the district court, where the case was again tried to a jury, resulting in a verdict of guilty, and judgment was entered against the defendant. Defendant then filed his motion for a new trial, which was overruled. This appeal is from the judgment and from the order overruling a motion for a new trial.

1. The appellant contends that the city had no authority to pass the ordinance in question requiring a mere tenant or occupant to keep the sidewalk in front of the premises occupied by him free from ice, snow, etc. Section 10 of the ordinance complained of (Article III, c. 17) is as follows: "It shall be the duty of the occupant of any premises within the city limits, or in case the same are unoccupied, then of the owner or his agent to keep the sidewalks in front of and adjoining his premises clean and safe for pedestrians, and to repair the same from time to time, and such occupant, owner or agent, shall, with all reasonable dispatch, remove snow, ice, slush, mud or other impediment to safe and convenient foot travel, and prevent the continuance and accumulation of the same. Every person failing to comply with the provisions of this section shall be deemed guilty of committing a nuisance, and upon conviction thereof shall be fined not less than one dollar nor more than fifty dollars, and a like sum for each day that such nuisance is continued."

There is no principle of law better established than that a city has no power, except such as is conferred upon it by legislative grant, either directly or by necessary implication. Section 4700 of the Political Code reads: "A city or town is a body politic and corporate, with the general powers of a cor-

poration, and the powers specified or necessarily implied in this title, or in special laws heretofore enacted." Section 4703 of the same Code provides that a city "has such other powers as are incident to municipal corporations not inconsistent with the laws of the United States or of the state." The Act of the legislative assembly of March 8, 1897 (Session Laws 1897, p. 203), amending section 4800 of the Political Code, provides that a city has power, among other things:

"(1) To make and pass all by-laws, ordinances, orders and resolutions not repugnant to the Constitution of the United States, or of the state of Montana, or of the provisions of this Title, necessary for the government or management of the affairs of a city or town, for the execution of the powers vested in the body corporate, and for carrying into effect the provisions of this Title."

"(7) To provide for lighting and cleaning the streets, alleys and avenues; to regulate the use of sidewalks, and to require the owners of premises adjoining to keep the same free from snow or other obstruction, to regulate the deposition and removal of ashes, garbage or other offensive matter, in any street, alley, or on public grounds or on any premises, and to provide for levying the cost of such removal as a special tax against the property from which such matter was deposited."

"(8) To provide for and regulate street crossings, curbs, and gutters; to regulate and prevent the use or obstruction of streets, sidewalks and public grounds, by signs, poles, wires, posting handbills or advertisements, or any obstruction."

"(33) To define and abate nuisances and to impose fines upon persons guilty of creating, continuing or suffering a nuisance to exist on the premises which they occupy or control."

If the city had power to pass this ordinance, such power must be within the authority conferred by the statutes above quoted, all of which are a part of the same Title. This court, in *Davenport* v. *Kleinschmidt,* 6 Mont. 502, on page 527, 13 Pac. 249, quotes with approval from Judge Dillon's work on

Municipal Corporations the following: "It is a general and undisputed proposition of law that a municipal corporation possesses and can exercise the following powers, and no others: First, those granted in *express words;* second, those *necessarily or fairly implied in or incident* to the powers expressly granted; third, those essential to the declared objects and purposes of the corporation—not simply convenient, but indispensable. Any fair, reasonable doubt concerning the exercise of power is resolved by the courts against the corporation, and the power is denied. Of every municipal corporation, the charter or statute by which it is created is its Organic Act."

Section 4700, taken in connection with section 4703 and subdivision 1, *supra,* constitute a general grant of power, as well as a limitation of power, for authority is given to the city to pass all ordinances necessary for its government and management, and such ordinances shall not contravene constitutional or statutory provisions. In effect, these provisions state what is usually termed the "general welfare clause," and under such a clause it is well established that, in the absence of statutory prohibition, the city, in the exercise of its police power, may "establish all suitable ordinances for administering the government of the city, the maintenance of peace and order, the preservation of the health of the inhabitants, and the convenient transaction of business within its limits, and for the performance of the general duties required by law of municipal corporations." (McQuillin on Municipal Ordinances, sec. 434; *Crum* v. *Bray,* 121 Ga. 709, 49 S. E. 686.)

This ordinance is essentially a police regulation, and its enforcement an exercise of police power. This power was well known to the common law, and was defined by Blackstone more than· twenty years prior to the adoption of the Constitution of the United States. (4 Blackstone's Commentaries, 162.) Municipal corporations have exercised this power from the beginning of our government, and it is necessary to the tranquility, safety, and protection of every well-ordered community; and constitutions and statutes, in the absence of provisions to the

contrary, are to be construed with reference to that fact. (*Village of Carthage* v. *Frederick,* 122 N. Y. 268, 19 Am. St. Rep. 490, 25 N. E. 480, 10 L. R. A. 178.) "That power is very broad and comprehensive, and is exercised to promote the health, comfort, safety and welfare of society. * * * Under it the conduct of an individual and the use of property may be regulated so as to interfere to some extent with the freedom of the one and the enjoyment of the other. (*In re Jacobs,* 98 N. Y. 98, 50 Am. Rep. 636.) All property is held under the general police power of the state to so regulate and control its use in a proper case as to secure the general safety and the public welfare." (*People* v. *Gillson,* 109 N. Y. 389, 4 Am. St. Rep. 465, 17 N. E. 343.) The exercise of this power must certainly have some relation to the public health, comfort and safety, for the rights of property cannot be invaded under the guise of a police regulation for the protection of health when it is manifest that such regulation would not have that effect.

*In re Goddard,* 16 Pick. 504, 28 Am. Dec. 259, involved the collection of a penalty imposed for the violation of an ordinance requiring the owners or occupants of houses bordering on streets to remove the snow from their respective sidewalks. The court, in considering the questions presented, said with reference to this ordinance: "But we think it is rather to be regarded as a police regulation, requiring a duty to be performed, highly salutary and advantageous to the citizens of a populous and closely built city, and which is imposed upon them because they are so situated as that they can most promptly and conveniently perform it; and it is laid, not upon a few, but upon a numerous class—all those who are so situated —and equally upon all who are within the description ·composing the class. * * * Although the sidewalk is part of the public street, and the public have an easement in it, yet the adjacent occupant often is the owner of the fee, and generally has some peculiar interest in it, and benefit from it, distinct from that which he enjoys in common with the rest of

the community. He has this interest and benefit, often in accommodating his cellar door and steps, a passage for fuel, and the passage to and from his own house to the street. * * * For his own accommodation, he would have an interest in clearing the snow from his own door. The owners and occupiers of house lots and other real estate, therefore, have an interest in the performance of this duty, peculiar and somewhat distinct from that of the rest of the community. Besides, from their situation, they have the power and ability to perform this duty, with the promptness which the benefit of the community requires; and the duty is divided, distributed, and apportioned upon so large a number, that it can be done promptly and effectually, and without imposing a very severe burden upon anyone." (See, also, *Flynn* v. *Canton Co.,* 40 Md. 312, 17 Am. Rep. 603.)

An ordinance such as the one in question was sustained in *Village of Carthage* v. *Frederick,* 122 N. Y. 268, 19 Am. St. Rep. 490, 25 N. E. 480, 10 L. R. A. 178. The statute of New York authorized the enactment of ordinances for various purposes; among others, to prevent encumbering of sidewalks with any substance or material whatever, to provide for keeping them clear from snow, ice, dirt and other obstructions, to direct the sweeping and cleaning of streets by the persons owning or occupying the premises fronting thereon, and generally the trustees were empowered to pass such ordinances "not inconsistent with the laws of the United States and of this state as may be necessary and proper for carrying into effect the purpose of said corporation and the powers and privileges granted," etc. The ordinance was sustained under the general police power of the city. For general discussion, see McQuillin on Municipal Ordinances, sections 429, 458, *et seq.*

The ordinance in question provides that persons failing to comply with its provisions shall be deemed guilty of committing a nuisance. The act complained of is not a nuisance under any state law, and it has been held that under a power conferred upon a city to abate nuisances, the city is not au-

thorized to declare anything a nuisance which is not so in fact under the state law. (*Yates* v. *Milwaukee*, 10 Wall. 497, 19 L. Ed. 984; *Hennessey* v. *City of St. Paul* (C. C.), 37 Fed. 565.) But the statute here has conferred express authority upon the city to "*define* and abate nuisances," and to prevent the obstruction of streets. It is true that the cities are given the authority to remove the obstruction, and to tax the cost thereof against the property; but this provision is not exclusive, nor does it prevent the city from exercising its general police power in requiring the occupant of property to keep the same free from obstruction. The tenant of a town lot could not be permitted to encumber his property or the sidewalks or streets with offensive matter and escape liability by establishing the fact that he was only an occupant, and not the owner.

The proper exercise of police powers is incident to municipal corporations, and neither the statute nor the Constitution has prohibited the use of these powers; nor is the ordinance in question repugnant to constitutional or statutory provisions. The ordinance is fair, impartial and general, is consistent with the general legislation of the state in so far as it requires the removal of ice and snow, and is a reasonable exercise of the powers conferred by the legislature.

It is contended by appellant that under subdivision 7, section 4800, above, as amended, the city can only proceed against the owner of the property; but with this we do not agree. The remedy against the occupant is merely cumulative, and its assertion is not inconsistent with the exercise of the power granted·in subdivision 7, above.

2. It is further contended that this is a criminal action, and should be prosecuted in the name of the state. The statute provides that all proceedings for the violation of any ordinance of a city must be prosecuted in the name of the city. (Political Code, sec. 4912.) The Constitution provides: "The style of all process shall be 'The State of Montana,' and all prosecutions shall be conducted in the name and by the authority of

the same." (Section 27, Article VIII.) The Article of the
Constitution in which the above section is found vests and de-
fines the judicial power of the state, creates a court of im-
peachment, a supreme court, district courts, and justices'
courts. No other court is created by the Constitution, although
power is vested in the legislature by the Constitution to create
"other inferior courts  *  *  *  in any incorporated city or
town." The justices' courts and the district courts as trial
courts, and the supreme court as appellate court, are by the
Constitution vested with full authority to hear and finally de-
termine all criminal actions. Police and municipal courts are
not created by the Constitution. Power is conferred by it upon
the legislative assembly to provide for creating such courts,
which "shall have jurisdiction in all cases arising under the
ordinances of such cities," and "may also be constituted *ex-
officio* justices of the peace," etc. The Constitution itself thus
creates by name and vests with authority all courts necessary
to enforce obedience of all laws of the state.

The offense here complained of is neither a felony nor a mis-
demeanor under the laws of the state, nor is it so denominated
under the ordinance. It is not a violation of any state law.
The action is one to recover a penalty for the violation of a
municipal ordinance relative to the maintenance of a nuisance.
From all this it seems manifest that the constitutional require-
ment, "all prosecutions shall be conducted in the name and
by the authority of 'the State of Montana,'" contemplates
such criminal actions as shall be instituted and prosecuted be-
fore the tribunals provided for in that Article of the Constitu-
tion for violations of the statutes of the state, and, as stated in
*Davenport* v. *Bird,* 34 Iowa, 524: "It is fitting and appropri-
ate that prosecutions for violations of the criminal laws of the
state should be carried on in the name of the government. But
there is no fitness or propriety in requiring the state to be
a party to every petty prosecution under the police regulations
of a municipal corporation." Such a construction of this Ar-
ticle of the Constitution would be unwarranted, as not intended

by its framers. It was held by the supreme court of Pennsylvania under a Constitution which provides that the style of all process shall be "The Commonwealth of Pennsylvania," that this provision refers to such writs only as should become necessary to be issued in the course of the exercise of that judicial power which is established and provided for in the Article of the Constitution, and remains exclusively the subject matter of it. (*Commonwealth* v. *Ruff,* 3 Rawle (Pa.), 99. See *Barter* v. *Commonwealth* (Pa.), 3 Penr. & W. 253.)

Infractions of local police regulations, such as here presented, are not, in their essence, "crimes" or "misdemeanors," as those terms are employed in our criminal jurisprudence, and are therefore not criminal prosecutions. (McQuillin on Municipal Ordinances, secs. 309, 326 *et seq.;* 1 Dillon's Municipal Corporations, sec. 429 *et seq.; Village of Carthage* v. *Frederick,* 122 N. Y. 268, 19 Am. St. Rep. 490, 25 N. E. 480, 10 L. R. A. 178; *Williamson* v. *Commonwealth* (Ky.), 4 B. Mon. 146; *Mayor* v. *Mayberry,* 6 Humph. (Tenn.) 368, 44 Am. Dec. 315; *In re Goddard,* 16 Pick. 504; *Natal* v. *Louisiana,* 139 U. S. 621, 11 Sup. Ct. 636, 35 L. Ed. 288.) Such actions need not be prosecuted in the name of the state, but should be prosecuted in the name of the city.

We advise that the judgment and order appealed from be affirmed.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment and order are affirmed.

*Affirmed.*

MR. JUSTICE MILBURN: I dissent. The general welfare clause in section 4800 of the Political Code declares, as stated in the opinion, that the city may make all laws not inconsistent with the federal or state Constitutions or the provisions of the Title in which the said section appears, which may be necessary for the government or management of the affairs of the city for the execution of the powers vested in the body corporate and for carrying into effect the provisions of the Title. Sub-

section 7 of section 4800 declares that the city has power to regulate the use of sidewalks, and to require the *owners* of the premises adjoining to keep the same free from snow or other obstruction.  In my opinion, the maxim, *"Expressio unius est exclusio alterius,"* applies here, and I believe that when the legislature said "owners" it meant owners, and nobody else; and that the ordinance complained of by the appellant in this case, authorizing the punishment to be put upon the *occupant* of the premises in front of which the sidewalk was, is inconsistent with the provision contained in subsection 7 of section 4800, and therefore is invalid.  In other parts of said section 4800, in referring to lots and premises, the legislature uses both the words "occupants" and "owners," evidently having in mind the distinction between the two words, and not intending that the word "occupant" should be understood as meaning "owner" in any sense whatever.

