STATE EX REL. McINTIRE, RELATOR, v. CITY COUNCIL OF THE CITY OF LIBBY ET AL., RESPONDENTS.

(No. 7,847.)

(Submitted July 21, 1938. Decided July 28, 1938.)

[82 Pac. (2d) 587.]

Mr. *Lloyd I. Wallace,* for Relator, submitted a brief, and argued the cause orally.

Mr. *Marshall Murray* and *Messrs. Walchli & Korn,* for Respondents, submitted a brief; Mr. *Murray* and Mr. *Daniel J. Korn* argued the cause orally.

MR. JUSTICE MORRIS delivered the opinion of the court.

The relator acquired by purchase and assignment 1938 state retail beer and liquor licenses from certain parties at St. Regis, Montana, to whom the licenses had been theretofore issued by the Montana Liquor Control Board. The board approved the assignment and the relator thereupon applied to the city council of the city of Libby for city retail licenses to sell beer and liquor at a location in the city mentioned in the application, and tendered the statutory fees for the licenses. The application was denied and the fees returned to relator, who thereupon petitioned this court for a writ of mandamus to compel the respondents to issue the licenses. We assumed jurisdiction of the controversy in response to relator's plea that he had no speedy remedy by suit in the district court, as an action begun in that court could not be brought to conclusion before the

licenses would expire, with resulting loss of the amount paid for the state licenses.

Prior to the relator's application for the city licenses the city council had adopted an ordinance limiting the number of places where beer and liquor might be sold at retail in Libby to five, and denial of the licenses was based upon that ground. Relator contends that the ordinance is void as in conflict with Chapter 84, Laws of 1937, and further contends that the city council has no power to limit the number of licenses. In addition to the above facts the petition alleges that the action of the city council in limiting the number of licenses is arbitrary and unconstitutional, in that it deprives the relator of property without due process of law, and that the ordinance is in conflict with Chapter 254, sections 2815.10 et seq., of the Political Code of 1935, and Chapter 84 of the Laws of 1937, in that city councils may regulate the places where beer and liquor are sold at retail, but have no power to limit the number of licenses when applied for by one who has a state license, and that the denial of the licenses to relator is an unreasonable abuse of authority.

The sole question necessary to be determined is as to the power of the city council to limit the number of licenses in the city of Libby. Section 9, Chapter 84, supra, restricts the issuance of a state liquor license to one who has been granted a state beer license. Hence, it is only necessary to determine whether the relator is entitled to a city beer license or not.

At the outset we think the typical view as to the appropriate functions of municipal corporations, as generally entertained in this country, is well expressed by Charles W. Tooke, Professor of Law, New York University, appearing in the Minnesota Law Review of March, 1932 (16 M. L. R. 659) : ''The American Municipal corporation is a body politic, created by the incorporation of the people of a prescribed locality invested with subordinate powers of legislation to assist in the civil government of the state and to regulate and administer local and internal affairs of the community.'' (Citing Coyle v. McIntire, 7 Houst. (Del.), 44, 30 Atl. 728, 40 Am. St. Rep. 109; 1 Dillon

on Municipal Corporations, 5th ed., sec. 31; McQuillin on Municipal Corporations, 2d ed., sec. 126; see, also, *State ex rel. Howie* v. *Common Council*, 94 Minn. 81, 101 N. W. 1063.)

Section 5039, Revised Codes of 1921, has been frequently referred to as "The General Welfare Clause" of cities and was divided into 82 subdivisions. In the 1935 revision of the Codes the subdivisions were each given a section, all numbered section 5039, but the old subdivisions were given an added decimal number. Subdivision 3 of the 1921 Codes is numbered 5039.3 in the 1935 revision, and provides: "The city or town council has power: To fix the amount, terms and manner of issuing and revoking licenses; but the council may refuse to issue licenses when it may deem it best for the public interests."

Section 2815.44, Revised Codes 1935, of the Beer Act, provides: " * * * And provided further, that nothing in this Act contained shall in any manner be so construed as to prohibit or prevent cities and incorporated towns from enacting ordinances for the enforcement of this Act and to license and regulate places of business where beer is sold, notwithstanding the fact that the persons conducting such places have obtained a license from the board, the only restriction hereby imposed being that such regulatory license so imposed by any city or town shall be reasonable and not in excess of the amount imposed by the state."

It has long been the policy of the legislature to vest in local municipal authorities the power to determine local affairs that affect the local community. In *State ex rel. Altop* v. *City of Billings*, 79 Mont. 25, 255 Pac. 11, 54 A. L. R. 1091, which involved the power of the city council to grant or withhold a license to conduct a rooming place, the court, quoting from *City of Helena* v. *Kent*, 32 Mont. 279, 80 Pac. 258, 4 Ann. Cas. 235, said: "That sections of the Political Code, corresponding with sections 4955, 4958, and 5039 (1), Revised Codes 1921, as amended by Chapter 115 of the Laws of 1925, constitute a general grant of power to a city to pass all laws necessary for its government and management which do not contravene constitutional or statutory provisions. 'In effect, these provisions

state what is usually termed the "general welfare clause," and under such a clause it is well established that, in the absence of statutory prohibition, the city, in the exercise of its police power, may "establish all suitable ordinances for administering the government of the city, the maintenance of peace and order, the preservation of the health of the inhabitants, and the convenient transaction of business within its limits, and for the performance of the general duties required by law of municipal corporations." ' "

If we say that any provision of the statutes conflicts with this general expression of the powers and duties of cities, we reverse and interfere with the long established policy heretofore harmoniously maintained between the state and municipal authority. In *City of Bozeman* v. *Nelson*, 73 Mont. 147, 237 Pac. 528, it was said: "When the power (to license) has been properly delegated the courts will not interfere in its exercise except when there has been a gross abuse by the municipal authorities of the discretion which it is held they must possess because of their greater knowledge of the needs of the municipality and the extent of the protection afforded either to the public or the licensees by the exaction of the license." The question in that case was the right of the city to exact a license from a taxi driver, and the citation above is repeated as expressing the views of this court as to the wisdom of vesting in local officials the power to determine local questions.

It might be said that if the city of Libby may limit the number of places where beer may be sold at retail, it may deny all licenses. We do not think that such a conclusion necessarily follows. It cannot be successfully denied that places where intoxicating beverages are sold are far more apt to become places of disturbance and call for greater attention from police officials than the general run of business establishments, and to limit the number of places where beer is sold is, in our opinion, a reasonable exercise of the police powers of a municipality, and not in conflict with any statutory provision.

We find nothing in the statutes that deprives the city council of the discretionary power of limiting the number of beer li-

censes when it deems such limitation to be in the interest of the general welfare of the municipality. "The theory of local self-government for municipal corporations is firmly established in this state." (*State ex rel. City of Missoula* v. *Holmes,* 100 Mont. 256, 47 Pac. (2d) 624, 629, 100 A. L. R. 581. See, also, *Helena Consolidated Water Co.* v. *Steele,* 20 Mont. 1, 49 Pac. 382, 37 L. R. A. 412; *State ex rel. Gerry* v. *Edwards,* 42 Mont. 135, 111 Pac. 734, Ann. Cas. 1912A, 1063, 32 L. R. A. (n. s.) 1078.)

We think a review of these decisions and of the applicable statutes furnishes a full and complete answer to all of relator's contentions.

The writ is denied and the proceeding dismissed.

MR. CHIEF JUSTICE GODDARD and ASSOCIATE JUSTICES STEWART, ANDERSON and ANGSTMAN concur.