## CAUTHRON v. STATE.

1. JURISDICTION:    *Circuit Court :    Forfeited Bail Bond in Mayor's Court.*

   The summary proceedings on a forfeited bail bond authorized by Sections 1739 to 1742, Gantt's Digest, must be in the court in which the party was required to appear.    The Circuit Court has no jurisdiction under them to render judgment upon a forfeited bail bond in a Mayor's Court, for failure of a party to appear in that court to answer for a violation of a municipal ordinance.

2. SAME :    *Power of Mayor to take Bail Bond.*

   Whether a Mayor of an incorporated town, not a city, can issue a warrant of arrest for the violation of a town ordinance which does not constitute a public offense against the criminal laws of the State, and take a bail bond for the defendant's appearance, *Quere.*

APPEAL from *Logan* Circuit Court.

Hon. R. B. RUTHERFORD, Circuit Judge.

*T. C. Humphrey* for appellants.

*C. B. Moore, Att'y Gen'l* for the State.

The Mayor has the same power and jurisdiction as Justices of the Peace, in all matters, civil and criminal, &c. See *Sec.* 45 *Act of March 9th*, 1875, (Municipal Corporation Act), and while he is not *specially* empowered to take bail it is within the implied and general powers and jurisdiction *as a Justice of the Peace.*

" All persons shall before conviction be bailable by sufficient sureties, &c." *Declaration of Rights, Sec.* 8. See also *Sec.* 1670 *Gantt's Dig.* The bail bond was properly made payable to the State. *Ib. Sec.* 1723.

EAKIN, J. At the Sept. Term 1882 of the Logan Circuit Court, in a case entitled " State of Arkansas v. Thos. Cauthron and W. P. Cauthron," the defendants filed an answer which alludes to a certain bond the subject of controversy. The record proper does not disclose any complaint, *scire facias,* or other summons. A reference to the evidence in the bill of exceptions, shows, however, that the State adduced on trial, a warrant of the Mayor, addressed to the Marshal of the town of Boonville, for the arrest of T. R. Cauthron for the violation of a town ordinance, which does not appear to have been an offense under the criminal laws of the State. The Marshal arrested the party and released him on his bond, signed by the above named defendants, T. & W. P. Cauthron, conditioned to appear before the Mayor on the first day of June. The bond was to the State of Arkansas in the sum of two hundred and fifty dollars. Upon it there is an endorsement of the Mayor, showing that the party arrested having failed to appear on that day, he had adjudged the bond to be forfeited. It was then filed with the Circuit Clerk on the 7th of August, 1882, and was

9——43

evidently taken by the court in lieu of a formal complaint. It was endorsed also with the approval of the Mayor. There was no ordinance of the town shown authorizing the Mayor to admit to bail persons charged with municipal offenses.

The answer of defendants relies upon the following points : 1st. That the bond was not taken in the manner prescribed by the statute.

2nd. That the Mayor had no jurisdiction to admit to bail for the violation of an ordinance: or, 3d, To take a bond in such case in the name of the State : or, 4th, That the person taken was ever legally under arrest.

The cause was submitted to the court, which declared that the Mayor was a magistrate and could take such a bond, and hear and determine the matter of the liability of the sureties thereon. That he having found the sureties indebted to the State of Arkansas in the amount named, his finding should be affirmed. Judgment was rendered accordingly for that sum and costs. After motion for a new trial and a bill of exceptions, the defendants appealed.

1. Jurisdiction of Circuit Court on forfeited bail bond from Mayor's Court. It will be observed that both the attorney for the State, and the court proceeded upon the idea that the declaration of forfeiture made by the Mayor, authorized in the Circuit Court the summary proceedings prescribed by Sections 1739 to 1743 of Gantt's Digest. This is a misapprehension. These sections provide the mode of enforcing bail bonds by the court in which the prisoner is bound to appear. No other court has jurisdiction to proceed in this manner. Without a complaint showing cause of action the suit should have been dismissed.

In deference to the State and the attorneys who prosecute this appeal, we remark that the question whether

Cauthorn v. State.

the Mayor of an incorporated town, not a city, can issue a warrant of arrest for the violation of an ordinance which does not constitute a public offense against the criminal laws of the State, and take or authorize a bail bond for appearance, is a grave one which we prefer to reserve until a case arises which may require its adjudication. If the power exists it must be found in the statutes. Otherwise officers and courts cannot assume it, however convenient it may appear. It does not exist at common law as incident to municipal corporations. The proceedings in our criminal procedure, regarding bail, are all directed to offenses against the State. It must appear that the party is charged with a "public offense." *Gantt's Digest, Sec.*, 1726. Breaches of municipal regulations, which are not offenses against general and public law, are not essentially criminal. *Dillon on Mun. Corp., Sec.* 429.

In this case the proceedings of the Circuit Court are unauthorized by any law. That court had no connection whatever with the bail bond. It had no criminal jurisdiction regarding the offense committed. The prisoner was not bound to appear there. The forfeiture was not incurred there. The paper was simply brought there from the Mayor, with his endorsement without any complaint. This was in violation of Sec. 1742 of Gantt's Digest which provides that the action on the bail bond (referring to the statutory proceeding) shall be in the court in which the defendant was or would have been required to appear for trial.

Reversed and remanded with instructions to dismiss the cause.