STATE EX REL. CITY OF BUTTE, RELATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 2,554.)

(Submitted May 8, 1908. Decided May 18, 1908.)

[95 Pac. 841.]

*Criminal Law—Municipal Corporations—Vagrancy—Power to Define and Punish—Prosecution in Name of City—Police Courts—Jurisdiction—Supervisory Control.*

Municipal Corporations—Vagrancy—Power to Define and Punish.
    1. Under paragraph 34 of section 4800 of the Political Code, as amended by Session Laws of 1897, page 206, city and town councils have express authority from the state to define vagrancy by ordinance and to punish the same.

Same—Vagrancy—Prosecution in Name of City.
    2. The police court of a city or town has exclusive jurisdiction of all proceedings for the violation of an ordinance defining vagrancy and prescribing punishment for such offense, and prosecutions thereunder must be conducted in the name of the city.

Vagrancy—Police Courts—Jurisdiction—Prosecution in Name of State, When.
    3. Police courts have concurrent jurisdiction with justices' courts to punish vagrancy as a crime against the state, and such prosecutions must be instituted and conducted in the name of the state.

Same—*Habeas Corpus*—Supervisory Control.
    4. *Held,* on application for writ of supervisory control, that the district court erroneously ordered the release, on *habeas corpus,* of one found guilty of, and sentenced by a police magistrate for, vagrancy under an ordinance of a city defining that offense and providing punishment therefor.

Original Application by the state, on the relation of the city of Butte, for a writ of supervisory control to the district court of the Second Judicial District and Honorable Michael Donlan, a judge thereof. Order of district court annulled and set aside.

*Mr. E. S. Booth,* and *Mr. Wm. E. Carroll,* for Relator.

*Messrs. Mackel & Meyer,* for Respondents.

MR. JUSTICE SMITH delivered the opinion of the court.

This cause is before the court upon application for a writ of supervisory control. It appears from the relator's petition, and the return of the respondents to an order to show cause heretofore issued, that the city council of the city of Butte has heretofore by ordinance defined the offense of vagrancy and provided a punishment therefor. On April 4, 1908, a complaint was filed before A. J. McGowan, police magistrate of the city of Butte, charging one Barney Rabinowitz with the offense of vagrancy as defined by the ordinance. The defendant was found guilty and sentenced to pay a fine of $100, and to be confined in the city jail until such fine was paid or otherwise satisfied. The action was prosecuted in the name of the city of Butte. Thereafter said Rabinowitz was released from custody upon the hearing of a writ of *habeas corpus* issued by the Honorable Michael Donlan, one of the judges of the district court of Silver Bow county. This court is asked to set aside and annul the latter order.

It is contended by the respondents that Rabinowitz was properly released from custody, for the reason that the charge against him could not be prosecuted under the city ordinance, but should have been made under the state law and in the name of the state of Montana. This is the main contention, although other questions incidentally arise, and all will be considered together.

We are of opinion that the district court and the judge thereof were in error in discharging Rabinowitz. The power to define and punish vagrancy is expressly given to cities and towns by paragraph 34 of section 4800 of the Political Code, as amended by Laws of 1897, page 206, which provides that city and town councils have power "to define vagrancy, and to restrain and punish vagrants, mendicants and persons guilty of disorderly conduct." Section 1155 of the Penal Code also defines vagrancy, and provides as a punishment therefor imprisonment in the county jail not exceeding ninety days. The definition of the offense of vagrancy found in the city ordinance is somewhat more comprehensive than the definition of the crime found in the Code, but, so far as the complaint against Rabinowitz is concerned, the charging part embraces those elements of the offense common to both the Code and the ordinance definitions.

Section 24 of Article VIII of the Constitution of the state reads as follows: "The legislative assembly shall have power to provide for creating such police and municipal courts and magistrates for cities and towns as may be deemed necessary from time to time, who shall have jurisdiction in all cases arising under the ordinances of such cities and towns, respectively; such police magistrates may also be constituted *ex officio* justices of the peace for their respective counties."

Section 4910 of the Political Code reads as follows: "A police court is established in each city or town, which court must always be open, except upon nonjudicial days, and upon such days it must transact criminal business only." Section 4911, Political Code, before amendment, read as follows: "The police

court has concurrent jurisdiction with the justice of the peace
of the following public offenses committed within the county;
(1) Petit larceny.   (2) Assault and battery.   *   *   *   (3)
Breaches of the peace, riots, affrays.   *   *   *   (4) Of proceed-
ings respecting vagrants, lewd or disorderly persons.   (5) The
police judge shall have the same jurisdiction as is now con-
ferred by law upon the justices of the peace in addition to the
jurisdiction herein conferred.

"Such offenses must be prosecuted in the name of the state
of Montana."

The legislative assembly of 1903 amended section 4911, so
that the same now reads as follows: "The police court has con-
current jurisdiction with the justice of the peace of the follow-
ing public offenses committed within the county: (1) Petit lar-
ceny.   (2) Assault and battery.   *   *   *   (3) Breaches of the
peace, riots, affrays.   *   *   *   (4) Of proceedings respecting
vagrants, lewd or disorderly persons.   Such offenses must be
prosecuted in the name of the state of Montana."   (Laws
1903, Chapter XVI, page 27.)

Paragraph 1 of section 4912 of the Political Code reads thus:
"The police court also has exclusive jurisdiction: (1) Of all
proceedings for the violation of any ordinance of the city or
town, both civil and criminal, which must be prosecuted in the
name of the city or town."

Section 27 of Article VIII of the Constitution provides:
"The style of all process shall be 'The State of Montana,' and
all prosecutions shall be conducted in the name and by the au-
thority of the same."

The first contention of the respondents is that in the amend-
ment to section 4911 of the Political Code, as found in Session
Laws of 1903, page 27, the words, "such offenses must be pros-
ecuted in the name of the state of Montana," relate only to pro-
ceedings respecting vagrants and lewd and disorderly persons,
mentioned in subsection 4, of which section the sentence last
quoted appears, in the amendment, to be a part.   There is no
merit in this position.   In the original Code provision this sen-

tence appeared in a separate paragraph following the five numbered paragraphs, while in the amended law this arrangement was not followed. There is no significance in this, however. The words, "such offenses must be prosecuted in the name of the state of Montana," manifestly refer to all of those offenses as denied by the state law and therein enumerated, of which the police court has concurrent jurisdiction with justices of the peace. The words "public offenses," found in the first sentence of section 4911, also refer to those public offenses immediately thereafter enumerated, and, when a police court is engaged in the trial of a person for such an offense, it is exercising its concurrent jurisdiction, and such prosecution must be in the name of the state. That is to say, all prosecutions for offenses not brought under a city ordinance must be had in the name of the state. It follows, of course, that an offense defined and made punishable by the Code, and not defined and made punishable by ordinance, although the city may have power and authority to define and punish the same, must be prosecuted under the Code and in the name of the state.

Crimes are divided into felonies and misdemeanors. (Pen. Code, sec. 16.) Generally, every felony is punishable either by death or imprisonment in the state prison, and every misdemeanor by fine or imprisonment in the county jail. (Pen. Code, secs. 18, 19.) The case of *City of Helena* v. *Kent*, 32 Mont. 279, 80 Pac. 258, was an action to recover a penalty for the violation of a municipal ordinance. The defendant was charged with failure to remove ice and snow from the sidewalk in front of the premises occupied by him, as he was required to do by a city ordinance. The case is somewhat analogous to the one at bar. Paragraph 33 of section 4800 of the Political Code confers upon cities and towns the power to define and abate nuisances, and to impose fines upon persons guilty of creating, continuing, or suffering a nuisance to exist on premises which they occupy or control. Paragraph 7 of the same section confers upon cities and towns the power to regulate the use of sidewalks, and to require the owners of premises ad-

joining to keep the same free from snow or other obstruction. An ordinance of the city of Helena provided that the occupant of premises who failed to remove snow and ice from the sidewalk in front of the same should be deemed guilty of committing a nuisance, and, upon conviction, should be fined. The defendant Kent was convicted of violating the provisions of this ordinance and appealed. This court said: "It is further contended that this is a criminal action, and should be prosecuted in the name of the state. The statute provides that all proceedings for the violation of any ordinance of a city must be prosecuted in the name of the city. (Political Code, sec. 4912.) The Constitution provides: 'The style of all process shall be "The State of Montana," and all prosecutions shall be conducted in the name and by the authority of the same.' (Section 27, Article VIII.) The Article of the Constitution in which the above section is found vests and defines the judicial power of the state, creates a court of impeachment, a supreme court, district courts, and justices' courts. No other court is created by the Constitution, although power is vested in the legislature by the Constitution to create 'other inferior courts * * * in any incorporated city or town.' The justices' courts and the district courts as trial courts, and the supreme court as appellate court, are by the Constitution vested with full authority to hear and finally determine all criminal actions. Police and municipal courts are not created by the Constitution. Power is conferred by it upon the legislative assembly to provide for creating such courts, which 'shall have jurisdiction in all cases arising under the ordinances of such cities,' and 'may also be constituted *ex-officio* justices of the peace,' etc. The Constitution itself thus creates by name and vests with authority all courts necessary to enforce obedience of all laws of the state. The offense here complained of is neither a felony nor a misdemeanor under the laws of the state, nor is it so denominated under the ordinance. It is not a violation of any state law. The action is one to recover a penalty for the violation of a municipal ordinance relative to the mainte-

nance of a nuisance. From all this it seems manifest that the constitutional requirement, 'all prosecutions shall be conducted in the name and by the authority of the state of Montana,' contemplates such criminal actions as shall be instituted and prosecuted before the tribunals provided for in that Article of the Constitution for violations of the statutes of the state.''

The case at bar is different from the *Kent Case,* in that vagrancy is a misdemeanor under the Code and also an offense under the ordinance. However, an act may be made a penal offense under the statutes of a state, and further penalties may be imposed for its commission or omission by municipal ordinance. (McQuillin on Municipal Ordinances, sec. 500.) Where the power to enact and enforce the ordinance is vested in the municipality, as is the case with the ordinance we have considered, we think the great weight of authority is to the effect that the power may be exercised, and we adopt that rule.

We hold, therefore, that the city of Butte had express authority from the state to define vagrancy by ordinance and to punish the same, that the police court of said city has exclusive jurisdiction of all proceedings for the violation of such ordinance, and that prosecutions thereunder must be conducted in the name of the city. The police court also has concurrent jurisdiction with the justices' courts to punish vagrancy as a crime against the state, and such prosecutions must be instituted and conducted in the name of the state of Montana.

The order of the district court of Silver Bow county, discharging Rabinowitz from custody, is annulled and set aside. Let the judgment of the police court be enforced.

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.