STATE EX REL. STREIT, RESPONDENT, *v.* JUSTICE COURT ET AL., APPELLANTS.

(No. 3,108.)

(Submitted April 9, 1912. Decided April 15, 1912.)

[123 Pac. 405.]

*Criminal Law—Search-warrants — When Issuance Improper— "Public Offense"—Violation of City Ordinance—Costs.*

Criminal Law—Search-warrants—Improper Issuance.
    1. *Held,* that violations of city ordinances are not included within the meaning of the expression "public offense," as used in section 9677, Revised Codes, authorizing the issuance of a search-warrant "when it [the property] is in the possession of any person with the intent to use it as the means of committing a public offense."

Same—Search-warrants—Statutory Provisions—Strict Construction.
   2.   The use of a search-warrant may not be extended by construction to any case not clearly covered by the statute.   (Rev. Codes, sec. 9677.)

Same—Intoxicating Liquors—Violation of City Ordinance—Search-warrant—Improper Issuance.
   3.   *Held,* that the alleged threatened violation of a town ordinance by conducting a saloon without first obtaining a license did not justify the issuance of a search-warrant.

Prohibition—Justices of the Peace—Costs.
   4.   Under sections 7154 and 7155, Revised Codes, costs were properly allowed to one who successfully prosecuted a writ prohibiting a justice of the peace from proceeding further in an action in which the justice had unlawfully issued a search-warrant.

Prohibition by the state, on relation of Herman Streit, against the Justice Court of Chinook Township, Chouteau County, and H. B. Brooks, justice of the peace.   From a judgment awarding a peremptory writ, defendants appeal.   Affirmed.

*Mr. R. E. O'Keefe,* for Appellants, submitted a brief, and argued the cause orally.

The issuance of a search-warrant to search for and seize liquors unlawfully kept for sale is well within the intendment of the law, and the proceeding is not a novel one.   A statute permitting a search-warrant to issue for the search of premises in which liquors were unlawfully kept for sale, or intended for sale, contrary to law, and for the seizure of such liquors, was sustained in *Southman* v. *State,* 66 Neb. 302, 92 N. W. 303.   (And see *Gray* v. *Kimball,* 42 Me. 299; *Santo* v. *State,* 2 Iowa, 165, 63 Am. Dec. 487; *Jones* v. *Root,* 6 Gray (Mass.), 435; *Mason* v. *Lothrop,* 7 Gray (Mass.), 354; *State* v. *O'Neil,* 58 Vt. 140, 56 Am. Rep. 557, 2 Atl. 586; *State* v. *Robinson,* 49 Me. 285; *State* v. *Barrels of Liquor,* 47 N. H. 369; *State* v. *Brennan's Liquors,* 25 Conn. 278.)   And as to nature of proceeding and notice, see *Johnson* v. *Williams,* 48 Vt. 566.   A search-warrant may issue in certain cases to bring personal property into the presence of the court, upon affidavit or deposition showing facts tending to establish the grounds of the application, or probable cause to believe they exist.   (*State ex rel. Geyman* v. *Second Judicial Dist. etc.,* 26 Mont. 483, 68 Pac. 861.) Search-warrants have been allowed to search for prohibited

liquors kept for sale contrary to law. (Cooley's Constitutional Limitations, 6th ed., p. 370; see, also, *Gray* v. *Kimball,* 42 Me. 299; *Hibbard* v. *People,* 4 Mich. 126; *Fisher* v. *McGirr,* 1 Gray (Mass.), 1, 61 Am. Dec. 381; *Sullivan* v. *Oneida,* 61 Ill. 242; *Santo* v. *State,* 2 Iowa, 165, 63 Am. Dec. 487; *Jones* v. *Root,* 6 Gray (Mass.), 435; *Mason* v. *Lothrop,* 7 Gray (Mass.), 354; *State* v. *O'Neil,* 58 Vt. 140, 56 Am. Rep. 557, 2 Atl. 586; *Johnson* v. *Williams,* 48 Vt. 566.)

The seizure of property used or intended for use to commit a public offense is justified under the so-called police power of the state, and this regardless as to whether the property is innocent in character when not put to unlawful use, for it is the character of the property in its unlawful use, or intended use, that calls into operation the police powers of the state.

*Messrs. Stranahan & Stranahan,* and *Mr. John C. Duff,* for Respondent, submitted a brief; *Mr. F. E. Stranahan* argued the cause orally.

The violation of the provisions of a simple police regulation to be found in a town ordinance, is not a public offense, or, at least, is not the public offense intended to be covered by the statute. (*City of Helena* v. *Kent,* 32 Mont. 279, 4 Ann. Cas. 235, 80 Pac. 258.) The justice's court exceeded its jurisdiction for the further reason that the police court of the town had exclusive jurisdiction of the matters involved. (Rev. Codes, sec. 3298.)

The proceeding was prosecuted in the name of the state of Montana and not in the name of the town of Chinook, and for that reason, also, the court exceeded its jurisdiction. (Sec. 3298, *supra; City of Helena* v. *Kent, supra; State ex rel. City of Butte* v. *District Court,* 37 Mont. 226, 95 Pac. 843.) If the high-handed search and seizure involved in this case can be sustained in the law, there is no limit to which the town may go. It may take and confiscate the entire rolling-stock of a transcontinental line of railway passing through a town, when the owner does not intend to obey some town ordinance.

The search and seizure was wholly unnecessary and unreasonable and is in contravention of Article IV of the amendments to the Constitution of the United States and of section 7, Article III of the state Constitution.   The search-warrant law of Montana is unconstitutional, for the reason that it operates to deprive the respondent of his property without due process of law. He is not made a party to the proceeding, nor is he given notice of the action or required to appear or plead therein, or to defend his rights in any way.   Our law is identical with that of California, except that Montana has added the feature of sale of perishable property.   The supreme court of California has held its law unconstitutional for the reasons above stated. (*Modern Loan Co.* v. *Police Court*, 12 Cal. App. 582, 108 Pac. 56.)   The opinion in this case is so thorough and exhaustive that we content ourselves with the citation of the case without quoting from it or from any of the authorities there cited.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

On August 19, 1911, J. H. Miewald filed with the defendant, a justice of the peace in Chinook township, Chouteau county, an affidavit asking for the issuance of a search-warrant, a copy of which follows:

"State of Montana,
County of Chouteau,   } ss.

"J. H. Miewald, being first duly sworn, on oath deposes and says that the above-named defendant, Herman Streit, has in his possession in that certain frame building situated on lot 8 of block 3, in the town of Chinook, which said building is near to and adjoining the Arlington Hotel on the north side thereof, and which said frame building is known as 'Streit's saloon building,' certain spirituous, malt, vinous, distilled, and fermented liquors, to-wit, wines, whiskies, beers, ales, brandies and other intoxicating liquors in bottles, casks, kegs and barrels, a more particular description of which said liquors and of the place

where the same are kept, and of the bottles, kegs, barrels and casks containing same, being to affiant unknown, and which said liquors so in the possession of the said Herman Streit are kept and held by him with the intent in him, the said Herman Streit, to use the same as the means of committing a public offense, to wit, with the intent in him, the said Herman Streit, of offering the same for sale, and of selling the same, without having first obtained, and without first obtaining a license so to do under the provisions of the ordinances of the town of Chinook, county of Chouteau, Montana, and particularly under Ordinance No. 61 of said town of Chinook, which selling and which offering for sale the said Herman Streit intends to carry on and make within the limits of said town of Chinook, contrary to the provisions of Ordinance No. 61 of the town of Chinook, said county. And affiant asks that a search-warrant may issue commanding that the said frame building so known as 'Herman Streit's saloon' be searched for the property above specified, to-wit, the said liquors, and bring same before this magistrate.''

The defendant issued a warrant, and thereupon the said Miewald, as town marshal of the town of Chinook, and pursuant to the command of the warrant, seized, carried away, and took before the defendant the whole of the stock in trade of said Streit, consisting of wines, whisky, beer, *etc.*, of the value of more than $2,000. The defendant by order fixed August 23 as the time for a hearing of the proceeding and to determine what disposition should be made of the property. Streit immediately applied to the district court of Chouteau county for a writ of prohibition, and an alternative writ was issued. Thereafter the proceeding was, on motion, transferred for final hearing to Cascade county, in the eighth district. The result was a judgment by Hon. J. B. Leslie, one of the judges of that district, awarding a peremptory writ with costs. The defendant has appealed.

While counsel assigns many alleged errors upon the proceedings had in the district court, it is not necessary to consider any of them. The ultimate question presented is whether the facts

stated in the affidavit disclose a case in which the defendant was authorized to issue the warrant.

Under the statute (Rev. Codes, sec. 9677) a search-warrant may issue in three cases only : (1) When the property has been stolen or embezzled; (2) when it has been used as a means of committing a felony; and (3) "when it is in the possession of any person with the intent to use it as the means of committing a public offense. * * * "

"A crime or public offense is an act committed or omitted in violation of a law forbidding or commanding it, and to which is annexed, upon conviction, either of the following punishments : (1) Death; (2) imprisonment; (3) fine; (4) removal from office; or (5) disqualification to hold and enjoy any office of honor, trust or profit in this state." (Rev. Codes, sec. 8107.)

In order to enforce the ordinances of a town, the town council is given authority to designate a justice of the peace of the township in which the town is situated to act as police judge to try and punish violations of them. (Rev. Codes, sec. 3242.) In this capacity he has exclusive jurisdiction of all cases arising under the ordinances, in addition to his jurisdiction as a justice. (Secs. 3242, 3298.) The two jurisdictions are separate and distinct, however, because he can act as police judge only by virtue of his designation under the statute and by the mode of procedure provided for that purpose. Prosecutions for violations of local ordinances must be conducted in the name of the municipality (sec. 3298), by its prosecuting officer (sec. 3303). Criminal cases arising under the state laws must be prosecuted in the name of the state and by the county attorney. (Const., sec. 27, Art. VIII; Rev. Codes, sec. 3052.) It does not appear from the record whether the defendant was ever designated by the town council of Chinook to act as police judge. It was assumed by counsel at the argument that he had been so designated, but for the purposes of this case it is not material to inquire whether he had been or not. It is evident that he issued the warrant upon the assumption that the violation of an ordinance of a municipality is a public offense, within the meaning

of the statute, *supra;* for the proceedings were entitled, "The State of Montana, Plaintiff, v. Herman Streit, Defendant," and the warrant ran in the name of the state.  This brings us to the inquiry whether this assumption is correct.

In *City of Helena* v. *Kent,* 32 Mont. 279, 4 Ann. Cas. 235, 80 Pac. 258, this court considered the question whether a violation of a city ordinance, making it the duty of the occupant of premises to keep the sidewalks in front of them free from snow and ice, is a crime or misdemeanor and must be prosecuted in the name of the state.  It was held that infractions of local police regulations, such as that, are not in their essence "crimes" or "misdemeanors," as those terms are employed in our criminal jurisprudence, and that prosecutions of them are therefore not criminal prosecutions.  (See, also, *State ex rel. City of Butte* v. *District Court,* 37 Mont. 202, 95 Pac. 841.)  In the statute, *supra,* "crime" and "public offense" are used synonymously and include all felonies and misdemeanors—that is, all acts which are denounced as crimes *eo nomine*—but do not include violations of local ordinances.  It must follow, therefore, that [1] violations of city ordinances are not included within the meaning of the expression "public offense," as used in the statute (sec. 9677, *supra*) authorizing the issuance of a search-warrant.  It is true that, in the section conferring upon police courts exclusive jurisdiction of ordinance cases, they are referred to as both civil and criminal.  (Sec. 3298.)  The same act may be a violation of an ordinance and at the same time of a public law.  (*State ex rel. City of Butte* v. *District Court, supra;* Dillon on Municipal Corporations, sec. 633.)  It may therefore be punishable both under the state law and under the ordinance.  Again, there is attached to the violation of an ordinance a penalty in the form of a fine, imprisonment, or both. Nevertheless, whether such offense be classified as civil or criminal, or *quasi* criminal, the prosecution to enforce the penalty does not rise to the dignity of a criminal prosecution, in the sense in which that expression is commonly used.

The search-warrant was not known to the early common law. It grew up by "imperceptible practice" and was first confined to the case of stolen goods. Its legality was denied by Lord Coke. (*Entick* v. *Carrington,* 19 How. St. Tr. 1030.) The use of it was subsequently extended. (2 Chitty's General Practice, p. 180.) Because it is a process subject to much abuse, it has in this country generally been limited in its use by constitutional restrictions. (Const., sec. 7, Art. III; *Robinson* v. *Richardson,* 13 Gray (Mass.), 454; *State* v. *Guthrie,* 90 Me. 448, 38 Atl. 368.) In this state the statute has extended its use as an aid to the discovery and punishment of any character of public offense [2] when it may be available; but this use of it may not be extended by construction to any case not clearly covered by the statute. (*Robinson* v. *Richardson, supra;* 35 Cyc. 1266, and cases cited.) As was observed in *State* v. *Guthrie, supra:* "It is a sharp and heavy police weapon to be used carefully, lest it wound the security or liberty of the citizen."

The alleged intention on the part of Streit to violate the ordi- [3] nance by conducting a saloon without first obtaining a town license did not justify the issuance of the warrant. The district court was therefore right in awarding the peremptory writ.

It was also right in adjudging costs against the defendant. [4] In this class of cases the prevailing party is entitled to his costs as a matter of course. (Rev. Codes, secs. 7154, 7155.)

The judgment is affirmed.

*Affirmed.*

Mr. Justice Smith and Mr. Justice Holloway concur.