CITY OF COLUMBUS, APPELLEE, *v.* BEERY, APPELLANT.

(No. 5624—Decided August 9, 1957.)

*Mr. Russell Leach,* city attorney, *Mr. William T. Gillie* and *Mr. Paul A. Scott,* for appellee.

*Mr. Jack M. Parrish,* for appellant.

PETREE, P. J. This is an appeal on questions of law by defendant, appellant herein. The sole question presented is whether a court of record is empowered to suspend or revoke a motor vehicle operator's license after conviction or a plea of guilty when prosecuted under a hit-and-run ordinance of a charter city, to wit, Columbus, Ohio. The state statute involved is Section 4507.16, Revised Code.

Defendant, Harry Clinton Beery, entered a plea of guilty to being the driver of a certain motor vehicle upon a street in the city of Columbus, which had a collision with the automobile of another due to the driving of the defendant who, having knowledge of the collision, did unlawfully fail to stop and give his name and address, contrary to the ordinance of the city.

A statute providing that the trial judge of any court of record shall, in addition to or independent of any other penalties provided by law or ordinance, suspend for any period of time not exceeding three years or revoke the license of any person who is convicted of or pleads guilty to any of the following—failure to stop and disclose identity at the scene of the accident when required by law to do so—is sufficient authority for the Judge of the Municipal Court of Columbus to suspend the driving rights of such defendant. Defendant under such facts is required to stop by the state law of Ohio as well as the ordinance of Columbus.

We believe the legislative intent was to authorize the Columbus Municipal Court, a court of record, to apply the additional suspension or revocation penalty whether prosecuted under city ordinance or state law for failure to stop, when the defendant is convicted or pleads guilty. If this were not true, why would the act say, "in addition to, or independent of all other penalties provided by law or by ordinance," the court shall suspend or revoke the license. (Section 4507.16, Revised Code.)

It is agreed by counsel for both parties that the Columbus ordinance contains no revocation authority in "hitskip" cases. Neither does Section 4549.02, Revised Code. This makes no difference. There is no conflict between the ordinance and the state law under Section 3, Article XVIII of the Constitution. The city does not prohibit something which the state permits.

The penalty may be different under *Village of Struthers* v. *Sokol,* 108 Ohio St., 263, 140 N. E., 519, paragraph three of the syllabus. The state grants all the authority necessary. Defendant was required by the law of Ohio as well as the ordinance of Columbus to stop. This he did not do. The fact that the city also makes his act unlawful does not deprive the court of record of the power to suspend or revoke. Had the city made some act unlawful which the state permits, the ordinance itself would have been unconstitutional under *Village of Struthers* v. *Sokol, supra.* This act is one which the state prohibits under Section 4549.02, Revised Code, and the city prohibits under Section 27.319 of the Columbus Code. In neither section do we find the authority to suspend or revoke licenses. We must look to Section 4507.16, Revised Code, in each case for the authorized additional penalty referring to suspension or revocation.

Plaintiff in its brief argues that there is a distinction between the question of whether a municipal ordinance is a law within the meaning of the Ohio Constitution, Section 2, Article IV, dealing with the power of the Supreme Court to declare a law unconstitutional, and the question presented in this case as to whether a municipal ordinance is a law within the meaning of a duly enacted state statute. The plaintiff cites, in support of its contention, the following: 24 Words and Phrases (Perm. Ed.), 328; *State, ex rel. Marquette,* v. *Police Court,* 86 Mont., 297, 283 P., 430; and *Southern Ry. Co.* v. *City of Danville,* 175 Va., 300, 7 S. E. (2d), 896. When we construe Section 4507.16, Revised Code, in its entirety, we conclude that the section authorizes the additional penalty with reference to suspension and revocation of the operator's license set forth in that section, whether the operator is prosecuted under a duly enacted ordinance of the city of Columbus or under Section 4549.02, Revised Code, and subsection (B) of Section 4549.99, Revised Code, the penalty provision.

The judgment of the Municipal Court of Columbus will, therefore, be affirmed, and the cause remanded for further proceeding according to law.

*Judgment affirmed.*

BRYANT and MILLER, JJ., concur.