CINCINNATI (City), Plaintiff, v. PHELPS, Defendant.

Municipal Court, Cincinnati.

No. T-94575. Decided March 1, 1961.

*Mr. Robert J. Paul*, prosecutor, for City of Cincinnati.
*Mr. Robert V. Wood*, for defendant.

 For further history see *Omnibus Index* in bound volume.

KEEFE, J. In June, 1959, this defendant was convicted by me of driving while under the influence of intoxicating liquor, in violation of Section 506-1 of the Code of Ordinances of the City of Cincinnati. He entered a plea of guilty and was sentenced to pay a fine of $100. plus costs, six (6) months in the workhouse, and three (3) years driving suspension. The matter comes up at this time on a motion to modify the driving suspension portion of the sentence. The motion asks for the restoration of the defendant's driving rights urging that the three year suspension imposed is unauthorized by the city ordinance under which the conviction was had, or by any other city ordinance.

Admittedly there is no provision in the Code of Ordinances of the City of Cincinnati authorizing suspension of driving rights in excess of one year. The three year suspension was imposed on the authority of Section 4507.16, Revised Code, which reads in part as follows:

"Suspension or revocation of license.

"The trial judge of any court of record shall, in addition to, or independent of all other penalties provided by law or by ordinance, suspend for any period of time not exceeding three years or revoke the license of any person who is convicted of or pleads guilty to any of the following:

"* * * *

"(B) Operating a motor vehicle while under the influence of intoxicating liquor or narcotic drug;

"* * *

I want to note that it is felt that the filing of the motion to modify, as has been done, is an appropriate manner in which to bring this matter to the court's attention. The First District Court of Appeals in 1945 in *Cincinnati* v. *Wright*, 67 N. E. 2d, 358, established the proposition that imposition of a driving suspension or revocation is not a true part of the punishment for conviction of the violation of an ordinance or state statute. The *Wright case* concerned a request for a jury trial predicated on the contention that the possible one year's driving suspension authorized by a city ordinance entitled the defendant to a jury trial. The Appeals Court decided that the Municipal Court's denial of a jury trial was correct. If this motion to modify were directed to the fine or commitment portions of the sentence, it obviously could not be heard or considered on its merits, since Section 2947.13, Revised Code, provides that a trial court in a misdemeanor case can suspend the execution of any sentence, or any part thereof, *only at the time of sentence* which, of course, was in June, 1959. It follows from what the *Wright case* has to say about the nature of a driving suspension or driving revocation that when the trial judge of any court of record suspends or revokes the operator's license of any person, the judge maintains control over the suspension or revocation imposed so long as the suspension or revocation is in effect. He has the power to modify either, depending upon what he considers is right, proper and justifiable under the circumstances. This conclusion seems inescapable in view of the reasoning in the *Wright case.*

Now, did the Cincinnati Municipal Court have the authority to suspend. the defendant's driving rights for three (3) years following conviction for driving under the influence under the Cincinnati ordinance? The answer must be in the affirmative in view of the clear and unmistakable authorization given to the trial judge of any court of record by Section 4507.16, Revised Code, as set forth above. Authority existed in this case not only to suspend for any period not exceeding three years, but if the circumstances had justified such severe action, defendant's operator's license could have been revoked outright.

The Tenth District Court of Appeals (Franklin County) had a matter before it in 1957 presenting a question closely paralleling that which confronts us here. The case caption is *City of Columbus* v. *Beery,* and it is reported in 149 N. E. 2d, 22. The Syllabus by the Court reads as follows:

"Section 4507.16, Revised Code, providing for the suspension or revocation of a driver's license, authorizes the additional penalty of suspension or revocation whether the driver is prosecuted under a municipal ordinance requiring a motorist involved in an automobile accident to stop and give his name and address, or under Section 4549.02, Revised Code."

Section 4507.16, Revised Code, to which the syllabus makes reference, is, of course, the section which was used as the basis for the three year suspension in the instant case. In *Columbus* v. *Beery*, it is unclear as to whether the Columbus Municipal Court suspended or revoked, but whichever it did, its action was based on Section 4507.16, Revised Code, and not on the city ordinance. A portion of the Court of Appeals opinion reads as follows:

"A statute providing that the trial judge of any court of record shall, in addition to or independent of any other penalties provided by law or ordinance, suspend for any period of time not exceeding three years or revoke the license of any person who is convicted . . . is sufficient authority for the Judge of the Municipal Court of Columbus to suspend the driving rights of such defendant.

"We believe the legislative intent was to authorize the Columbus Municipal Court, a court of record, to apply the additional suspension or revocation penalty whether prosecuted under city ordinance or state law for failure to stop, when the defendant is convicted or pleads guilty. If this were not true, why would the act say, 'in addition to, or independent of all other penalties provided by law or by ordinance,' the court shall suspend or revoke the license."

The motion to modify is overruled and the three year driving suspension continues in effect.