## City of Akron v. Doane.*

(No. 78 TRD 10791—Decided August 11, 1978.)

Akron Municipal Court.

*Ms. Patricia A. Ambrose*, prosecuting attorney, for plaintiff.
*Mr. William R. Holland*, for defendant.

*Judgment affirmed January 18, 1979, by Court of Appeals for Summit County, case No. 9022.

GEORGE, J. The defendant, Patricia S. Doane, was charged with failing to stop and disclose her identity at the scene of an accident, under Section 436.11, Akron City Code of 1970, as amended. The language used in the Akron City Code is the same as that in R. C. 4549.02.

On June 20, 1978, the defendant pled no contest and the court found her guilty of failing to stop and disclose her identity at the scene of an accident. The matter was scheduled for sentencing at a future date. Briefs were submitted by the city and the defendant, concerning the question of whether or not the first thirty days of a license suspension, required to be imposed by reason of R. C. 4507.16, is absolute, or whether it may be modified in a hardship case, by an occupational right to drive.

It is stipulated by the parties that the defendant is the mother of a six-year-old child and that she is the sole support of that child. Further it is stipulated that the defendant is employed on a part-time basis as a barmaid and as a painter and that it is necessary for her to drive to and from these employments.

R. C. 4507.16, in pertinent part, reads:

"*The trial judge of any court of record shall * * * suspend for not less than thirty days * * * the license of* any person who is convicted of or pleads guilty to * * *

" * * * (E) Failing to stop and disclose identity at the scene of the accident when required by law to do so * * *

" * * * *

"*No court shall suspend the first thirty days of suspension* of license provided for under this section." (Emphasis added.)

Sentencing was set for August 8, 1978, and oral argument was had concerning the issue of the mandatory thirty-day license suspension and whether or not such suspension could be qualified to permit occupational driving.

The defendant argued that the case of *Cincinnati v. Phelps* (Cin. Mun. Ct. 1961), 85 Ohio Law Abs. 602, supported the proposition that the court could, within its plenary powers and in a hardship case, modify the first thirty days of a license suspension. The defendant con-

tends that the court has inherent power to suspend any part of a sentence when conditions justify such modification. Further, the defendant argued that contiguous municipal courts allow license suspension modifications in similar cases and that the equal protection of the laws provision of the constitution would therefore require that this court do likewise.

The prosecution argued that the language of R. C. 4507.16 is mandatory and that the principle of law laid down in *State, ex rel. Moraites,* v. *Gorman* (1975), 42 Ohio St. 2d 175, is controlling. That case dealt with the mandatory three-day jail term in driving-while-under-the-influence convictions. The city argues that the case is analogous to the one at hand, since the statute places a duty upon the court to unequivocally impose a three-day jail term. And the case so holds. Such imposition is to be made without qualification or modification. Therefore, it follows that the mandatory license suspension must be imposed without any privileges to drive during the first thirty days. The prosecution further relied upon 1968 Ohio Atty. Gen. Ops. 2-82, No. 68-070, which discusses this very subject.

The court has reviewed the authorities cited by both parties, the applicable statutes, Ohio Jurisprudence 2d, and Words and Phrases.

This court is of the opinion that the meaning of the word "suspend," as used in R. C. 4507.16, is controlling to a determination as to whether or not the first thirty days of a license suspension may be modified or otherwise qualified so as to permit driving for work purposes.

"Suspend" is defined as to cause to cease for a time, to interrupt, to delay, hold in abeyance, render temporarily inoperative, arrest, to stop for a time but with the expectation or purpose of resumption. 40A Words and Phrases, Suspend; Suspension (Perm. Ed).

The first part of R. C. 4507.16 states, in effect, that the trial judge shall suspend for a minimum of thirty days the license of a person who has been convicted of failing to stop at the scene of an accident. It is not disputed that at the very least a thirty-day license suspension is mandated

by reason of such language. Therefore, the license of this defendant must be rendered temporarily inoperative or stopped for a minimum of thirty days.

But R. C. 4507.16 goes on further to say that the first thirty days of such license suspension shall not be suspended. Again the language of the statute is mandatory by requiring that the first thirty days of such license suspension is not to be interrupted or arrested. In other words, the first thirty days of such a suspension is to be absolute; to be imposed without interruption or interference. Therefore, it cannot be modified or qualified to allow any driving privileges during that first thirty-day period.

From the foregoing, the court finds that the first thirty days of a license suspension, imposed by reason of R. C. 4507.16 is absolute.

With regard to the defendant's argument of due process of law, the court believes that should other courts allow such modifications, they are in conflict with the statutory duty which requires an unqualified thirty-day license suspension. As such, this cannot be said to be a denial of due process of law since it is contrary to law.

The law provides no authority to suspend, for any reason, the first thirty days of a license suspension provided under R. C. 4507.16. Therefore, the first thirty days of such a license suspension is absolute.

In view of the foregoing, the court sentences the defendant to the following: A fine of $100.00 and the costs of this action; three days in the Summit County Jail, which three days are suspended on condition that the defendant not repeat this offense; and a thirty-day license suspension.

*Judgment accordingly.*